UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MILTON YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR STARM MORTGAGE LOAN TRUST 2007-4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-4, BY ITS ATTORNEY IN FACT SUNTRUST MORTGAGE, INC. and DOES 1-20, Inclusive,<br><br>    Defendants. | No. 2:13-cv-00720-JAM-AC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |

This matter first came before the Court on Defendant SunTrust Mortgage, Inc.'s ("Defendant") unopposed Motion to Dismiss (Doc. #6).[1] Plaintiff Edward Milton Young ("Plaintiff") filed no opposition or statement of non-opposition to this motion, but did file an improperly calendared Motion for Leave to Amend (Doc. #11). Because Defendant's Motion to Dismiss was unopposed, it was granted (Doc. #13) leaving only Plaintiff's Motion for Leave to Amend for resolution. The Court determined

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 10, 2013.

1

1 that Plaintiff's Motion for Leave to Amend was a related counter
2 motion to Defendant's Motion to Dismiss pursuant to Local Rule
3 230(e). Defendant opposes Plaintiff's counter motion (Doc. #14).
4
5         I.    FACTUAL ALLEGATIONS & PROCEDURAL BACKGROUND
6     This action arises out of Plaintiff's allegations that
7 Defendant's actions violated the Homeowner's Bill of Rights
8 ("HOBR"), California Civil Code §§ 2923 and 2924. Compl. ¶7.
9 Plaintiff originally filed this action in the Superior Court of
10 California for the County of Placer, but it was successfully
11 removed by Defendant to this Court under 28 U.S.C. § 1446(b)
12 based on complete diversity of the parties and an amount in
13 controversy over $75,000 pursuant to 28 U.S.C. § 1332 (Doc. #1).
14     Defendant's Motion to Dismiss was granted, but Plaintiff now
15 seeks leave to amend. In the proposed first amended complaint
16 ("PFAC"), Plaintiff alleges that Defendant's actions violated
17 California Civil Code § 2923.6(b) because Defendant continued to
18 foreclose on Plaintiff's home even after he submitted a completed
19 loan modification application. PFAC ¶ 4 (Doc #11-1). Plaintiff
20 alleges that he submitted a completed loan modification
21 application on January 4, 2013. PFAC ¶ 6. Then Plaintiff
22 alleges Defendant filed a Notice of Trustee sale on January 22,
23 which Defendant concedes. Plaintiff further alleges that on
24 February 25, 2013, Defendant sent Plaintiff a letter postponing
25 the sale date to March 18, 2013. PFAC ¶ 7. Plaintiff alleges
26 that his attorney contacted Defendant's law firm on March 14,
27 2013 to find out the status of the trustee sale and a
28 representative of the law firm said "as of today, the trustee

2

1  sale was still scheduled for March 18." PFAC ¶ 9. Anticipating
2  the sale taking place, Plaintiff filed his original complaint in
3  state court on March 15, 2013 seeking injunctive relief and
4  attorneys' fees.

## II. OPINION

### A. Legal Standard for Leave to Amend

Upon granting a motion to dismiss for failure to state a claim, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

"Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." N. Slope Borough v. Rogstad (In re Rogstad), 126 F.3d 1224, 1228 (9th Cir. 1997). In the absence of any of the preceding factors, leave to amend should be freely granted. See Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986).

### B. Discussion

#### 1. Plaintiff's Motion for Leave to File a First Amended Complaint

Defendant opposes leave to amend by arguing that both the allegations and requests for relief in the PFAC are essentially identical to those in the original complaint. Defendant's arguments stem from a factual dispute as to when Plaintiff's loan

modification application was complete.  Defendant contends that it was completed on March 1, 2013, not January 4, 2013. Defendant therefore argues that as a matter of law, there are no HOBR violations stemming from the January 22, 2013 Notice of Trustee's sale because it was recorded before Defendant received a complete loan modification application on March 1, 2013. Furthermore, Defendant contends that since it received Plaintiff's borrower response package in March 2013, no trustee's sale has taken place.  Defendant states that Plaintiff admits that the sale was voluntarily postponed and Defendant is working with Plaintiff regarding a possible loan modification, thus satisfying the express purpose of HOBR.  Defendant concludes that it would be futile to permit Plaintiff to file an amended complaint because it would be vulnerable to a FRCP Rule 12(b)(6) motion to dismiss made on identical grounds set forth in Defendant's motion to dismiss the original complaint.

    Defendant's arguments in opposition primarily concern the futility of Plaintiff's proposed amendments.  Futility can be found where it is clear that the proposed amendments would not save a complaint from a dispositive motion.  See Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir. 1986).  In this case, the Court finds that Plaintiff's PFAC alleges sufficient facts to support his claims such that it may survive a further dispositive motion.  Plaintiff alleges that a completed loan modification application was submitted January 4, 2013. Thus, taking Plaintiff's allegation as true, the January 22, 2013 notice of trustee's sale violated the HOBR's prohibition on such filings once a loan modification application is received.

1  Furthermore, the Court finds that Plaintiff's allegation that
2  Defendant violated §§ 2923.6(b)-(c) of the HOBR by dual tracking
3  the trustee sale date at the same time Plaintiff was actively
4  applying for a loan modification is a sufficient basis to grant
5  leave to amend.  Although the sale date was ultimately postponed,
6  Defendant allegedly recorded the notice of trustee's sale and set
7  the March 18, 2013 date after Plaintiff submitted his completed
8  loan modification application.  Accordingly, the Court finds that
9  Plaintiff's amendments are not futile.
10     Defendant contends tender is required to postpone a trustee
11 sale, but cites no authority for a tender requirement under
12 §2923.6(b).  Defendant's argument that statutory requirements for
13 non-judicial foreclosure were satisfied is irrelevant because
14 once a completed loan modification is submitted, § 2923.6(b)
15 requires Defendant to postpone foreclosure proceedings, which
16 Defendant allegedly did not do.  Defendant also argues that a
17 Notice of Default recorded in 2012 did not violate the HOBR, but
18 that argument is irrelevant because Plaintiff does not make a
19 claim related to the Notice of Default in the PFAC.  Because
20 Plaintiff has shown that amendment would not be futile,
21 Plaintiff's motion is GRANTED.
22                        III. ORDER
23    For the reasons given, Plaintiff's Motion for Leave to Amend
24 is GRANTED and the PFAC is deemed filed as of the date of this
25 order.  Defendant is ordered to file a responsive pleading within
26 20 days.
27     IT IS SO ORDERED.
28 Dated: August 1, 2013                _____
                                        JOHN A. MENDEZ,
                                        UNITED STATES DISTRICT JUDGE