UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MILTON YOUNG,<br><br>        Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR STARM MORTGAGE LOAN TRUST 2007-4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-4, BY ITS ATTORNEY IN FACT SUNTRUST MORTGAGE, INC. and DOES 1-20, Inclusive,<br><br>        Defendants. | No.  2:13-cv-00720 JAM-AC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

    This matter is before the Court on Plaintiff Edward Milton Young's ("Plaintiff") Motion for a Temporary Restraining Order ("TRO") to stop the sale of his home scheduled for Friday, September 13, 2013, at 10:30 a.m. (Doc. #19).  Defendant SunTrust Mortgage, Inc. ("Defendant") opposed the motion (Doc. #21).[1]  For the reasons stated below, the Court denies the TRO application.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  No hearing was scheduled.

1

I.   OPINION

A.   Legal Standard

Federal Rule of Civil Procedure 65 provides authority to issue either preliminary injunctions or temporary restraining orders. A plaintiff seeking a preliminary injunction must demonstrate that it is "[1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008)). The requirements for a temporary restraining order are the same. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A TRO is an emergency measure, intended to preserve the status quo pending a fuller hearing on the injunctive relief requested, and the irreparable harm must therefore be clearly immediate. Fed. R. Civ. Proc. 65(b)(1).

B.   Request for Judicial Notice

Defendant requests judicial notice of Plaintiff's first-lien deed of trust, the notice of default recorded on October 16, 2012, notice of trustee's sale recorded on January 22, 2013, and a second notice of trustee's sale recorded on August 8, 2013. Request for Judicial Notice ("RJN"), Doc. #21-3. These documents are appropriate for judicial notice because they are public records and are "not subject to reasonable dispute." Fed. R. Evid. 201(b).

///

1         Accordingly, the Court grants Defendant's request.
2         C.    Analysis
3         Plaintiff contends that he is likely to succeed on the
4    merits because he is a victim of "dual tracking."  The Homeowner
5    Bill of Rights ("HBOR"), which became effective on January 1,
6    2013, prohibits dual tracking: "If a borrower submits a complete
7    application for a first lien loan modification . . . [the]
8    mortgage servicer, mortgagee, trustee, beneficiary, or authorized
9    agent shall not record a notice of default or notice of sale, or
10   conduct a trustee's sale, while the complete first lien
11   modification is pending."  Cal. Civ. Code § 2923.6.  Once the
12   borrower submits the modification application, a foreclosure sale
13   cannot occur until (1) the "mortgage servicer makes a written
14   determination that the borrower is not eligible" for the
15   modification and the 30-day appeal period expires; or (2) "[t]he
16   borrower does not accept an offered first lien loan modification
17   within 14 days of the offer"; or (3) "[t]he borrower accepts a
18   written first lien loan modification, but defaults on, or
19   otherwise breaches the borrower's obligations under, the first
20   lien loan modification."  Id. § 2923.6(c)-(d) (emphasis added).
21        Here, Plaintiff was offered a modification of the subject
22   note and subject deed of trust on April 30, 2013.  Declaration of
23   Michael Barbieri ("Barbieri Dec."), Doc. #19-2, at ¶ 3.
24   Plaintiff made a counteroffer on May 6, 2013.  Id.  On or about
25   August 6, 2013, Plaintiff received a new notice of trustee's sale
26   scheduled for September 13, 2013.  Id. ¶ 4.  The notice of
27   trustee's sale was recorded on August 8, 2013.  Ex. 4, RJN.
28   ///

1    Plaintiff first argues that Plaintiff proceeded to
2 counteroffer the April 30, 2013, loan modification offer
3 believing that the modification offer was related to the
4 litigation and a settlement communication, and therefore, the
5 communications should not be admitted.  Mot. at 4-5.  However, as
6 Defendant argues, there is no evidence that the modification
7 offer was offered to Plaintiff in exchange for any dismissal of
8 the action or for any settlement or release of Plaintiff's
9 claims.  Therefore, the Court finds that it may consider the
10 modification offer and the Plaintiff's counteroffer.
11    Consequently, based on the timeframe provided by both
12 parties, Plaintiff did not accept the loan modification within
13 fourteen days of the offer as required by the HBOR and as a
14 result, Defendant could proceed with the foreclosure sale.  In
15 addition, although Plaintiff argues that the terms of the
16 modification offer were not reasonable or offered in good faith,
17 Defendant was not under the obligation to rewrite a mortgage loan
18 and there is no right under the statute to a loan modification.
19 Mabry v. Superior Court, 185 Cal.App.4th 208, 214, 231(2010).
20    Accordingly, the Court finds that Plaintiff is not likely to
21 succeed on the merits.  The Court need not address the remaining
22 TRO factors or Defendant's valid tender argument.
23
24                            II.   ORDER
25   After careful consideration of all papers filed by both
26 parties, the Court DENIES Plaintiff's Motion for a Temporary
27 Restraining Order.
28 ///

                                   4

1	The Court further orders Plaintiff to inform the Court within five (5) days whether he wishes the Court to schedule a hearing for a motion for preliminary injunction. If so, the Court will notify the parties of the briefing and hearing schedule for said motion.

IT IS SO ORDERED.

Dated: September 10, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5